UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF WEST VIRGINIA
AT CHARLESTON

ROBERT T. OWEN, JR.,

    Plaintiff,

v.                                   Civil Action No. 2:17-cv-04396

SAXON ASSET SECURITIES TRUST
2006-1 MORTGAGE ASSET BACKED
NOTES, SERIES 2006-1, through
Deutsche Bank Trust Co.
Americas, indentured trustee;
OCWEN LOAN SERVICING LLC; and
PILL & PILL, PLLC,

    Defendants.

## MEMORANDUM OPINION AND ORDER

Pending is plaintiff Robert T. Owen, Jr.'s motion to remand and to award fees and costs, filed December 18, 2017.

## I. Background

The plaintiff, Robert T. Owen, Jr., resides at 827 Hughes Drive, St. Albans, Kanawha County, West Virginia. (Compl. ¶ 4.) On October 20, 2005, Owen refinanced the mortgage on his home, signing a note and deed of trust with America's Moneyline, Inc. ("America's Moneyline"), a nonparty to this action. (Id. ¶¶ 6, 8.) At the origination of Owen's refinancing, America's Moneyline withheld the fact that it was not licensed as a lender in West Virginia. (Id. ¶¶ 11, 32, 36.)

Owen remained unaware of that fact until October 2017. (Id. ¶ 37.) Additionally, America's Moneyline did not allow Owen "to negotiate or give any input" on the terms of the refinancing. (Id. ¶¶ 45-46.)

On December 30, 2005, America's Moneyline assigned Owen's note and deed of trust to Saxon Funding Management, Inc. ("Saxon Funding"), also a nonparty to this action. (Id. ¶¶ 12, 40.) Saxon Funding was not licensed as a lender or a servicer in West Virginia according to the state's "official licensing records." (Id. ¶¶ 13, 41.)

On August 3, 2017, Saxon Funding assigned Owen's note and deed of trust to defendant Saxon Asset Securities Trust 2006-1 Mortgage Asset Backed Notes, Series 2006-1 (the "Trust"). (Id. ¶ 14.) The Trust is a Delaware statutory trust and does not hold a license to "acqui[re], transfer, own[], or enforce[] . . . any primary or subordinate mortgage loan secured by real estate in West Virginia." (Id. ¶¶ 15, 18-19.) The Trust's indentured trustee, Deutsche Bank Trust Company Americas, "has no ownership or servicing role as to [Owen's] mortgage." (Id. ¶ 17.)

Defendant Ocwen Loan Servicing LLC ("Ocwen Servicing"), a Florida corporation with its principal place of business in Florida, is the Trust's servicing agent for Owen's

note and deed of trust.  (Id. ¶¶ 20-21.)  As of April 20, 2017, Ocwen Servicing has been prohibited by the state of West Virginia "from new acquisitions of servicing rights for any West Virginia mortgage; from new acquisition of any existing West Virginia mortgage; and from originating any new mortgages in West Virginia."  (Id. ¶¶ 25-26.)

Defendant Pill & Pill PLLC ("Pill") is a West Virginia law firm.  (Id. ¶ 27.)  On August 22, 2017, Ocwen appointed Pill as the substitute trustee under Owen's deed of trust.  (Id. ¶ 28.)  After Owen's evident default on his mortgage, Pill "scheduled [Owen's] home for foreclosure sale on the steps of the Kanawha County Courthouse on October 31, 2017."  (Id. ¶ 29.)

Owen instituted this action on October 19, 2017, in the Circuit Court of Kanawha County.  Pursuant to the West Virginia Residential Mortgage Lender, Broker and Servicer Act ("Residential Mortgage Act"), W. Va. Code § 31-17-1 et seq., Owen seeks to quiet title through a declaratory judgment that his note and deed of trust are "void and unenforceable as a matter of law" and further asks the court to permanently enjoin the defendants from claiming an interest in his home.  (Id. ¶¶ 57-63.)  He also brings an action against the defendants for

slander of title and an action against Ocwen Servicing and the Trust for unjust enrichment. (Id. ¶¶ 64-66, 67-68.)[1]

As to Pill in particular, Owen states as follows:

> [Pill is] named as defendant[] solely for the purpose of obtaining temporary and final injunctive relief to prevent the sale of plaintiff's home. No monetary claims are asserted against defendant [Pill].

(Id. ¶ 30.) In addition to that "sole[]" purpose, however, Owen also includes Pill under his quiet title and slander of title claims, and Owen alleges as well that Pill's substitution as trustee under the deed of trust was invalid. (See id. ¶¶ 51-52.) For these claims, he seeks equitable relief and damages. (See id. WHEREFORE Clauses.)

The Trust and Ocwen Servicing (together, "Defendants") removed the action to this court on November 22, 2017, invoking the court's diversity jurisdiction. Owen suggests that this action should be remanded because Pill failed to consent to removal. (Mem. Supp. 7.) Defendants claim that Pill, a West Virginia citizen for jurisdictional purposes, does not defeat

---

[1] Owen stated a provisional claim under the West Virginia Consumer Credit and Protection Act ("WVCCPA"). (See id. ¶¶ 69-71.) Owen acknowledges that the defendants have forty-five days to cure the alleged WVCCPA violations pursuant to chapter 46A, article 5, section 108 of the West Virginia Code. (Id. ¶ 70.) Because Owen has not amended his pleading to reflect a failure to cure by the defendants, (id. ¶ 71), the court assumes that the violations have been cured.

complete diversity of citizenship because Pill was fraudulently joined or, alternatively, is a nominal party to the action by reason of which it was unnecessary for Pill to consent to removal. (Notice of Removal ¶¶ 6, 16-21; Mem. Opp'n 6 n.3.)

On December 18, 2017, Owen moved to remand the case to state court and to recover attorney's fees and costs.[2] Since the filing of the motion to remand, Richard Pill, one of Pill's members, has submitted a declaration wherein he declares that "[Pill], as substitute trustee, will not initiate foreclosure on" Owen's home while this action is pending. (Richard Pill Decl. ¶¶ 3, 7.)

## II. Governing Standard

"Under the general removal statute, 'any civil action brought in a State court of which the district courts of the United States have original jurisdiction[] may be removed by the defendant or the defendants' to the appropriate district court." Jackson v. Home Depot U.S.A., Inc., 880 F.3d 165, 167 (4th Cir.

---

[2] The Trust and Ocwen moved to dismiss the complaint and/or compel arbitration on January 2, 2018, on the grounds that there exists between the parties a valid and binding arbitration agreement. (See ECF #9.) The court must first ascertain whether it possesses subject matter jurisdiction over the case, and this memorandum opinion and order is limited to that effect.

2018) (alteration in original) (quoting 28 U.S.C. § 1441(a)). As our court of appeals has explained regarding diversity jurisdiction,

> [u]nder 28 U.S.C. § 1332, a federal district court has original jurisdiction over all civil actions where the amount in controversy exceeds $75,000, exclusive of interest and costs, and is between citizens of different states. 28 U.S.C. § 1332(a)(1). With the exception of certain class actions, Section 1332 requires complete diversity among parties, meaning that the citizenship of every plaintiff must be different from the citizenship of every defendant. Caterpillar, Inc. v. Lewis, 519 U.S. 61, 68 (1996).

Cent. W. Va. Energy Co. v. Mountain State Carbon, LLC, 636 F.3d 101, 103 (4th Cir. 2011) (footnote omitted).

### III. Discussion

#### A. Fraudulent Joinder and Nominal Party

The United States Court of Appeals for the Fourth Circuit recently summarized fraudulent joinder[3] doctrine as it applies here:

> Under [fraudulent joinder] doctrine, naming non-diverse defendants does not defeat diversity

---

[3] It bears mentioning that "'[f]raudulent joinder' is a term of art, [and] it does not reflect on the integrity of plaintiff or counsel[; rather, it] is merely the rubric applied when a court finds either that no cause of action is stated against [a] nondiverse defendant, or in fact no cause of action exists." AIDS Counseling & Testing Ctrs. v. Group W Television, Inc., 903 F.2d 1000, 1003 (4th Cir. 1990) (quoting Lewis v. Time Inc., 83 F.R.D. 455, 460 (E.D. Cal. 1979)).

6

> jurisdiction. Rather, the fraudulent joinder doctrine "effectively permits a district court to disregard, for jurisdictional purposes, the citizenship of certain nondiverse defendants, assume jurisdiction over a case, dismiss the nondiverse defendants, and thereby retain jurisdiction." Mayes v. Rapoport, 198 F.3d 457, 561 (4th Cir. 1999).
>
> "The party alleging fraudulent joinder bears a heavy burden - it must show that the plaintiff cannot establish a claim even after resolving all issues of law and fact in the plaintiff's favor." Hartley v. CSX Transp., Inc., 187 F.3d 422, 424 (4th Cir. 1999). The removing party must show either "'outright fraud in the plaintiff's pleading of jurisdictional facts' or that 'there is no possibility that the plaintiff would be able to establish a cause of action against the in-state defendant in state court.'" Id. (quoting Marshall v. Manville Sales Corp., 6 F.3d 229, 232 (4th Cir. 1993)).
>
> [Under] the latter, "no possibility" formulation, . . . a plaintiff's claim against a non-diverse defendant "need not ultimately succeed to defeat removal; only a possibility of a right to relief need be asserted." Marshall, 6 F.3d at 233. This standard heavily favors the [plaintiff], who must show only a "glimmer of hope" of succeeding against the non-diverse defendants. Mayes, 198 F.3d at 466. Moreover, when considering whether the [plaintiff] ha[s] satisfied this standard, we must resolve all legal and factual issues in [the plaintiff's] favor. Id. at 465. "[T]his standard is even more favorable to the plaintiff than the standard for ruling on a motion to dismiss under Fed. R. Civ. P. 12(b)(6)." Id. (quoting Hartley, 187 F.3d at 424).

Johnson v. Am. Towers, LLC, 781 F.3d 693, 704 (4th Cir. 2015) (last alteration in original and first full cite added). Additionally, when determining whether a joinder is fraudulent, "the court is not bound by the allegations of the pleadings, but may instead 'consider the entire record, and determine the basis

of joinder by any means available.'" AIDS Counseling, 903 F.2d at 1004 (quoting Dodd v. Fawcett Pubs., Inc., 329 F.2d 82, 85 (10th Cir. 1964)).

The Fourth Circuit stated its nominal party standard in Hartford Fire Insurance Co. v. Harleysville Mutual Insurance Co., 736 F.3d 255 (4th Cir. 2013). "Determining nominal party status is a practical inquiry, focused on the particular facts and circumstances of a case . . . ." Id. at 260. The inquiry is "straightforward": "whether the non-removing party has an interest in the outcome of the case." Id. at 261.

Owen asserts three claims against Pill: injunctive relief to prevent the sale of his home, slander of title, and quiet title. (Compl. ¶¶ 30, 57-66.) The court need only address slander of title, coupled with the request here for injunctive relief, to conclude that Pill is neither fraudulently joined nor a nominal party.

The Supreme Court of Appeals of West Virginia describes an action for slander of title as the "1. publication of 2. a false statement 3. derogatory to plaintiff's title 4. with malice 5. causing special damages 6. as a result of diminished value in the eyes of third parties." Syl. Pt. 3, TXO Prod. Corp. v. All. Res. Corp., 187 W. Va. 457 (1992). In TXO Production Corp., the Supreme Court of Appeals affirmed a jury's

finding that a defendant was liable for slander of title because the defendant "record[ed] a quitclaim deed which it knew to be frivolous." Id. at 466. In other words, the Supreme Court of Appeals decided that "wrongfully recording an unfounded claim to the property of another is actionable as slander of title." Id. at 467.

Resolving all factual and legal issues in favor of Owen reveals that Owen's slander of title claim against Pill has at least a "glimmer of hope" of success. Pill published notice of the trustee's sale of Owen's home pursuant to W. Va. Code § 38-1-4. (Pl.'s Ex. 2.) The notice allegedly asserts an unfounded interest in Owen's home under an invalid deed of trust, which, it appears, would doubtlessly diminish the value of the home in the eyes of third parties.

The two elements of primary prominence here are malice and special damages. Under the strikingly lax fraudulent joinder standard, the court finds that Owen has shown a possibility that he could establish each. As for malice, Federal Rule of Civil Procedure 9(b) provides that malice may be alleged generally. Moreover, the court in TXO Production Corp. held that "[t]he action of [the defendant] in filing his [frivolous] quitclaim deed was such as to warrant the necessary showing of malice." 187 W. Va. at 467 (second alteration in

original) (quoting Jumping Rainbow Ranch v. Conklin, 167 Mont. 367, 373 (Mont. 1975)). In the present action, Owen alleges that the "defendants know or should know" that the deed of trust and subsequent notice to sell are invalid. (Compl. ¶ 65.) Turning to special damages, Owen claims that the defendants' actions have caused him to incur "expenses and out-of-pocket costs . . . in opposing [the defendants'] actions." (Id. ¶ 55); e.g., Syl Pt. 6, TXO Prod. Corp., 187 W. Va. 457 ("Attorneys' fees incurred in removing spurious clouds from a title qualify as special damages in an action for slander of title."). Thus, the court is satisfied that Owen has carried his light burden under the fraudulent joinder standard as to the elements of malice and special damages.[4]

---

[4] Owen also alleges that Pill's substitution as trustee is a nullity under the terms of the deed of trust. (Id. ¶¶ 45-56.) Owen points out that, according to the terms of the deed of trust, only the "Lender" is permitted to appoint a substitute trustee, and that the definition of "Lender" is restricted to America's Moneyline rather than extended to, for example, the successors and assigns of America's Moneyline. (Id. ¶¶ 47-51 (citing Pl.'s Ex. 1, Deed of Trust Definition (C) and ¶ 27).) Because America's Moneyline itself did not appoint Pill, Owen argues that the appointment is invalid. (Mem. Supp. 8.) The court notes that, contrary to Owen's suggestion, the deed of trust states that "[t]he covenants and agreements of this Security Instrument shall bind . . . and benefit the successors and assigns of Lender." (Pl.'s Ex. 1 ¶ 13.) Thus, even resolving all legal and factual issues in Owen's favor, Owen's claim that Pill's substitution was invalid lacks even a "glimmer of hope" of success.

In their response brief, Defendants contend that "[t]he determination of whether a substitute trustee is a fraudulently joined or a real party in interest turns on the actions taken by the trustee and the relief Plaintiff seeks against the trustee." (Resp. Opp'n 4.) Defendants note that Pill's role was "limited to providing the notice of the trustee's sale" while the truly actionable conduct is, according to Defendants, limited to the origination of Owen's refinancing. (Id.)

The cases cited by Defendants in support of their position are, however, distinguishable. For example, Defendants cite Monton v. America's Servicing Co., where the Eastern District of Virginia concluded that a substitute trustee had been fraudulently joined because the pleadings "lack[ed] . . . facts that would support a cause of action against the Substitute Trustee." No. 2:11cv678, 2012 U.S. Dist. LEXIS 117259, at *15 (E.D. Va. Aug. 20, 2012) (emphasis omitted). In Monton, the "Plaintiffs never set forth a single act (or omission) taken by the Substitute Trustee." Id. at *16. Owen, on the other hand, has established that he has a "glimmer of hope" of prevailing on his slander of title claim against Pill, as earlier discussed. Indeed, the court in Monton concluded after review of relevant case law that "the status of a

substitute trustee hinges on the nature of the actions allegedly taken by the trustee, if any, and the type of relief sought against the trustee, if any." Id. at *14. Here, Owen has pled facts showing the possibility of a right to relief against Pill for damages under a theory of slander of title.

Owen's claim for slander of title also precludes Pill from being a nominal party. A slander of title claim contemplates the recovery of special damages. See Syl. Pt. 3, TXO Prod. Corp., 187 W. Va. 457. Accordingly, Pill "has an interest in the outcome of case" because Owen asserts a claim against Pill for monetary relief; and, in addition, seeks injunctive relief against Pill to stop the foreclosure sale that Pill had advertised, prior to suit, for October 31, 2017, prompting the filing of this action on October 19, 2017.

Again, the cases cited by Defendants do not compel a different result. For example, in Mansfield v. Vanderbilt Mortgage & Finance, Inc., the Eastern District of North Carolina determined that the substitute trustee-defendants were nominal parties to the plaintiff's claim "to enjoin them from taking any action adverse to plaintiff's interest in the property." 29 F. Supp. 3d 645, 651 (E.D.N.C. 2014). The court so held because substitute trustees "hold title to the land described in the deed of trust for the sole benefit of the real parties in

interest to this action, they being [the plaintiff] and [the defendant-lender]." Id. (internal quotation marks omitted). "Tellingly," however, the court noted that "plaintiff's complaint includes no factual allegations against the defendant trustees." Id. In the present action, Owen alleges facts to support his claim against Pill for slander of title and injunctive relief. Namely, Owen alleges that Pill published a notice of sale when it knew or should have known that the underlying deed of trust was invalid, (see Compl. ¶¶ 64-65), and he seeks monetary special damages and injunctive relief as a result, (see id. ¶ 55). Pill is consequently not a nominal party here.

Accordingly, Pill is a proper party to this action and was not fraudulently joined. Pill's West Virginia citizenship defeats complete diversity, and this action must be remanded to the Circuit Court of Kanawha County.

B. Fees and Costs

28 U.S.C. § 1447(c) provides that "[a]n order remanding [a] case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." "Absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing

13

party lacked an objectively reasonable basis for seeking removal. Conversely, when an objectively reasonable basis exists, fees should be denied." Martin v. Franklin Capital Corp., 546 U.S. 132, 141 (2005).

Owen asserts that Defendants lacked an objectively reasonably basis for removal. (See Mem. Supp. 16.) Inasmuch as a trustee under a deed of trust such as that in issue here is often regarded as a nominal party for diversity purposes, it was not objectively unreasonable for the defendants to seek removal. Indeed, Owen did not cite any authority conclusively establishing that a substitute trustee is neither fraudulently joined nor a nominal party under the circumstances presented here. Accordingly, Owen's request for fees and costs is denied.

## IV. Conclusion

Based upon the foregoing, it is ORDERED that Owen's motion to remand be, and hereby is, granted. It is further ORDERED that Owen's request for an award of fees and costs be, and hereby is, denied. The court will, by companion order entered contemporaneously herewith, remand this action to the Circuit Court of Kanawha County.

The Clerk is directed to forward copies of this memorandum opinion and order to all counsel of record, to any unrepresented parties, and to the clerk of court for the Circuit Court of Kanawha County.

ENTER: April 5, 2018

*[signature]*

John T. Copenhaver, Jr.
United States District Judge